Richard S. Cohen (State Bar No. 004746)
Justin S. Pierce (State Bar No. 022646)
**JACKSON LEWIS LLP**
2390 East Camelback Road, Suite 305
Phoenix, AZ  85016
Tel. (602) 714-7044
Fax (602) 714-7045
E-mail:  cohenr@jacksonlewis.com
            piercej@jacksonlewis.com

Attorneys for Defendant Town of Buckeye

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Charles Clark,<br><br>        Plaintiff,<br>  vs.<br><br>Town of Buckeye, a municipal corporation,<br><br>        Defendant. | Case No.  2:05-cv-1631-PHX-ECV<br>              2:05-cv-2026-PHX-ECV<br>              (Consolidated)<br><br>**SUMMARY JUDGMENT MOTION AS TO DAMAGES AND REQUEST TO TERMINATE ACTION** |
| Kevin Charles Clark,<br><br>        Plaintiff,<br>  vs.<br><br>Town of Buckeye, a municipal corporation, et al,<br><br>        Defendants. | |

On February 14, 2008, this Court granted Defendants' Summary Judgment Motion as to all claims. [Dk. 109] On August 5, 2009, the Ninth Circuit affirmed summary judgment in favor of Defendants as to all claims except for Plaintiff's pre-termination due process claim. [Dk. 120] For that one claim, the Court "remand[ed] for further proceedings." [*Id*. at 3] Plaintiff suggests that those further proceedings require a full jury trial. However, the undisputed evidence demonstrates that a full jury trial is not warranted because, at most, Plaintiff is entitled to nominal damages. Defendants are entitled to summary judgment as to that issue.

For that reason, if this matter was submitted to a jury for decision, the Court would be required to instruct the jury that even if it found that Plaintiff had not been afforded due process as to pre-termination proceedings, it could not award more than one dollar in nominal damages. As such, a jury trial would be nothing more than a waste of the jury's, parties', and Court's time and resources. Therefore, Defendants respectfully request that the Court grant summary judgment as to damages by ordering that Plaintiff may only recover nominal damages. With that order in place, Defendants stipulate that the Court may award Plaintiff the full dollar in nominal damages, and terminate this action.[1] The following Memorandum of Points and Authorities and separate Statement of Facts support this Motion.

///

---

[1] As this Court is aware, the Ninth Circuit did not – and indeed could not based on the Town's Summary Judgment Motion – conclude that the Town's procedures were deficient as a matter of law. However, rather than incur the expense associated with preparing for and conducting a trial as to whether the Town's pre-termination procedures were or were not deficient here, the Town is willing to concede deficiency upon this Court's ruling that Plaintiff's only remedy is nominal damages. If deficiency as to the pre-termination hearing requirements were conceded, there would be no factual dispute for a jury to decide.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Only Nominal Damages Are Available to Plaintiff.

On a pre-termination due process claim, the Supreme Court has held that nominal damages not to exceed one dollar is the only remedy where the termination was ultimately determined to be justified. *Carey v. Piphus*, 435 U.S. 247, 263, 266-67 (1978). The Ninth Circuit has echoed that rule. *Knudson v. Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987) (noting that compensatory damages are only available if the underlying deprivation is ultimately determined to have been *unjustified*). Citing *Carey*, the Ninth Circuit in *Knudson* stated that "only nominal damages are recoverable for a deprivation of property determined to be otherwise justified." *Id.*; *see also Clemens v. Airport Auth.*, 69 F.3d 321, 332, n.14 (9th Cir. 1995) (citing *Knudson* favorably for the proposition that only nominal damages are recoverable under these circumstances); *Raditch v. United States*, 929 F.2d 478, 481, n.5 (9th Cir. 1991) ("[I]n § 1983 cases, a plaintiff can recover compensatory damages for a proven due process violation only if the deprivation was unjustified on the merits. *If, after post-deprivation procedure, it is determined that the deprivation was justified, a plaintiff can recover only nominal damages for the due process violation.*") (emphasis added) (citing *Carey*, *Knudson*, and *Vanelli v. Reynolds Sch. Dist. No. 7*, 667 F.2d 773, 781 (9th Cir. 1982)).

In a very recent due process decision by the Ninth Circuit, the Court upheld a jury award of compensatory damages only because the jury had found that the plaintiff's termination was not justified. *Duffy v. City of Desert Hot Springs*, 2009 U.S. App. LEXIS 15937 (9th Cir. July 20, 2009). In so doing, citing *Carey* and *Raditch*, the Court expressly noted that if the jury had found the termination to be justified, the plaintiff would have only been entitled to nominal damages. *Id*.

Here, even if we assume that the Town's pre-termination process was deficient, the Ninth Circuit affirmed this Court's determination that, as a matter of law, Plaintiff's termination was justified. [Dk. 109; Dk. 120]  Therefore, because there are no other

remaining claims in this lawsuit for which other damages could be awarded, all a jury could award Plaintiff is nominal damages not to exceed one dollar. Model Civ. Jury Instr. 9th Cir. § 5.6 ("Nominal damages may not exceed one dollar.").

## II.   Even if Plaintiff Was Permitted to Recover More Than Nominal Damages, He Failed to Disclose Any Damages Related to the Pre-Termination Process.

Defendants anticipate that Plaintiff will cite a couple of early Ninth Circuit cases that appear to be in conflict with the well-settled rule that only nominal damages are allowed where the underlying termination was justified. In those cases, the Court allowed small awards of compensatory damages where the plaintiff demonstrated that he suffered actual injury as a direct result of the pre-termination process. *See Lum v. City and County of Honolulu*, 963 F.2d 1167 (9th Cir. 1992); *Merritt v. Mackey*, 932 F.2d 1317 (9th Cir. 1990). These cases are contrary to the unambiguous pronouncements by the Ninth Circuit that such damages are not allowed. As a result, *Lum* and *Merritt* do not control the outcome here.

Furthermore, even if compensatory damages were available for deficiencies solely in the pre-termination process where the underlying termination was justified, Plaintiff would still not be entitled to those damages here because he never disclosed any.

The Federal Rules require that a party must disclose "a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(iii). Failure to make that disclosure bars a litigant from using any non-disclosed information at trial. Fed. R. Civ. P. 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

The only computation of damages Plaintiff ever disclosed was an expert report detailing economic damages as a result of an alleged "wrongful termination."

Additionally, the compensatory damages Plaintiff alleged never had anything to do with the pre-termination process, but always spoke in terms of his alleged "wrongful termination." For example, Plaintiff's Rule 26(a) initial disclosure statement says only that "Plaintiff has suffered severe emotional distress as a result of his wrongful termination from the Town of Buckeye." [SOF ¶1]  In fact, in response to the Town's specific interrogatory to "list any damages and/or ill effects plaintiff has sustained as a result of the events described in his complaint," Plaintiff responded that he suffered financial damages "as well as emotional damages as a result of the wrongful termination." [SOF ¶2]

The bottom line is, never once has Plaintiff disclosed even the existence of any damages, much less a computation of those damages, relating to the pre-termination process.  Thus, even if the law permitted Plaintiff to recover more than nominal damages, he cannot now – after discovery closed more than two years ago, and after this matter has been up and back from the Ninth Circuit – re-write his claim for damages by suggesting for the first time that he suffered compensatory damages as a result of the pre-termination process, rather than the termination itself.  Rule 37 would mandate that any evidence of such damages be excluded.

**III.    Conclusion**

Because Plaintiff can only recover nominal damages, and because Defendants are willing to stipulate to a deficiency in the pre-termination process upon a ruling that Plaintiff is only entitled to nominal damages, Defendants respectfully request that the Court grant summary judgment and order that Plaintiff is only entitled to recover nominal damages, order that Plaintiff be awarded one dollar in nominal damages, and then terminate this action.

/ / /

/ / /

DATED this 5th day of February 2010.

**JACKSON LEWIS LLP**

By:    /s/ Justin S. Pierce
      Richard S. Cohen
      Justin S. Pierce
      Attorneys for Defendant Town of Buckeye

**CERTIFICATE OF SERVICE**

I hereby certify that on February 5, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Phil S. Flemming
Yen Pilch Komadina & Flemming, P.C.
6017 N. 15th Street
Phoenix, AZ 85014
Attorneys for Plaintiff

   /s/Valerie J. Armstrong