**YEN PILCH KOMADINA & FLEMMING, P.C.**
Firm State Bar No. 00407400
Robert E. Yen, SBN 007236, *yen@ypklaw.com*
Phil S. Flemming, SBN 014778, *flemming@ypklaw.com*
6017 North 15th Street
Phoenix, Arizona 85014-2481
(602) 241-0474
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| Kevin Charles Clark, | No.  CIV 05-1631 PHX ECV |
|---|---|
| Plaintiff, | CIV 05-2026 PHX ECV (CONSOLIDATED) |
| v. | |
| Town of Buckeye, et al., | **PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |
| and Related Actions | |

Plaintiff, Kevin Clark, hereby responds in opposition to Defendants' "Summary Judgment Motion As to Damages and Request to Terminate Action," for the reason that Defendants are not entitled to such relief as a matter of law and genuine issues of material fact abound which preclude summary judgment. This Response is supported by the record and the below Memorandum of Points and Authorities, which are incorporated herein by reference.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

As a law enforcement officer, Kevin Clark had a constitutionally protected property right to continued employment. Prior to the town depriving him of that right, it was required, at the very least, to provide certain due process protections. Among those due process protections was the well established right to a pre-termination hearing. *Cleveland Board of Education v. Loudermill.* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985).

In its Motion for Summary Judgment, the Town of Buckeye contends it can ignore or deny an officer that constitutional right to due process. And as long as the termination is later found to be justified, the Town argues it can not be required to pay any more than one dollar for the constitutional deprivation. For this proposition, the Town relies on the seminal case of *Carey v. Piphus* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978), and a few cases which reference *Carey*. The Town's reliance on these cases is misplaced.

In *Carey*, a high school and elementary school suspended two students without affording them a prior hearing. The Seventh Circuit held this to be a violation of the students' due process rights for which substantial damages could be "presumed." Although the Supreme Court agreed the denial of the pre-deprivation hearing constituted a separate and distinct constitutional violation, it disagreed that substantial damages could be presumed. Instead, the Court held that "injury cannot be presumed to occur, and that plaintiffs at least should be put to their proof on the issue, as plaintiffs are in most tort actions." *Id.* 435 U.S. at 262. The Court went on to say:

> Finally, we foresee no particular difficulty in producing evidence that mental and emotional distress actually was caused by the denial of procedural due process itself. Distress is a personal injury familiar to the law, customarily proved by showing the nature and circumstances of the wrong and its effect on the plaintiff. <u>In sum, then, although mental and emotional distress caused by the denial of procedural due process itself is compensable under § 1983, we hold that neither the likelihood of such injury nor the difficulty of proving it is so great as to justify awarding compensatory damages without proof that such injury actually was caused.</u> [Emphasis added.]

*Id.* 435 U.S. at 263-264.

The Court therefore made it abundantly clear that a plaintiff has a right to prove actual injury caused by the deprivation of due process, just as he would prove damages in any other tort action. And it concluded that if no actual injury can be proven, a plaintiff is at least entitled to nominal damages:

> Even if respondents' suspensions were justified, and even if they did not suffer any other actual injury, the fact remains that they were deprived of their right to procedural due process. 'It is enough to invoke the procedural safeguards of the Fourteenth Amendment that a significant property interest is at stake, whatever the ultimate outcome of a hearing.'

2

1  *Id.,* 435 U.S. at 266.

2  Contrary to what the Town would have this court believe, a plaintiff who is denied
3  procedural due process has a right to present to a jury, evidence of actual injury and
4  emotional distress. *Carey,* 435 U.S. at 263-264. If there is no evidence of such injury, a
5  plaintiff is entitled, at the very least, to nominal damages. *Id.,* at 266.

6  *Carey* does not support the Town's position that a plaintiff who is denied
7  procedural due process is only entitled to nominal damages. In *Chalmers v. City of Los*
8  *Angeles,* 762 F.2d 753 (9th Cir. 1985), the court stated:

> The City also contends that it was error to award damages for deprivation of due process, claiming that injuries suffered because of procedural deficiencies are not compensable under § 1983. In support, it cites *Carey, id. Carey* holds just the opposite. [Emphasis added.] Where there is a deprivation that is substantively justified but departs from procedural due process, it is only the harm produced by the procedural defects that is compensable.

13  Similarly, in *Lum v. City and County of Honolulu,* 963 F.2d 1167 (9th Cir. 1992),
14  the court upheld the dismissal of the plaintiff's Title VII and state law claims arising from
15  his discharge from employment. It nonetheless affirmed the award of damages for a
16  denial of a pretermination hearing. In doing so, the court found "there was sufficient
17  probative evidence of some embarrassment and humiliation by Mr. Lum caused by the
18  denial of a pretermination hearing to justify an award of $8,000." *Id.,* at 1170.

19  In *Merritt v. Mackey*, 932 F.2d 1317 (9th Cir. 1991), the employer made the
20  identical argument as the Town is making in the instant case. The court, however,
21  rejected the argument and, citing *Carey v. Piphus*, 435 U.S. 247, 264, 98 S.Ct. 1042,
22  1052, 55 L.Ed.2d 252 (1977), held that the plaintiff "can recover for mental and
23  emotional distress caused by the denial of procedural due process if he proves actual
24  injury." The court upheld the award of damages which it described as "not for Merritt's
25  loss of employment, but for his denial of a hearing before he was discharged." [Emphasis
26  added.] *Merritt*, 932 F.2d at 1323.

27  In its Motion for Summary Judgment, the Town does not discuss *Carey v. Piphus.*
28  Instead, it relies on a handful of cases that merely refer to *Carey*, and which do so

3

inaccurately.

The Town first cites *Knudson v. Ellensburg*, 832 F.2d 1142 (9th Cir. 1987). In that case, the court reversed the district court's summary dismissal of plaintiff's complaint by which plaintiff sought disability benefits. In doing so, it found that the defendant had both (a) improperly deprived plaintiff of a pretermination hearing; and (b) terminated her benefits without justification. Under those circumstances the court said damages were appropriate. In purely gratuitous dicta, however, the court made the statement: "However, only nominal damages are recoverable for a deprivation of property determined to be otherwise justified. *Carey v. Piphus,* 435 U.S. at 266-67, 98 S.Ct. at 1053-54."

As noted above, *Carey v. Piphus* does not stand for any such proposition. Any fair and principled reading of *Carey* reveals that it stands for "just the opposite." *Chalmers v. City of Los Angeles,* 762 F.2d 753 (9th Cir. 1985).

Interestingly, this dicta from *Knudson v. Ellensburg*, which incorrectly characterizes the Supreme Court's holding in *Carey*, has been subsequently repeated, often in dicta, in the other cases relied upon by the Town (one of which is an unpublished decision). Repetition of an incorrect statement, however, is not the cornerstone of jurisprudence.

Instead, even a cursory reading of *Carey* reveals, at the very least, that it stands for the following:

(1) If a termination is not justified, the plaintiff is entitled to damages for the unjustified termination;

(2) If a termination is justified, but a plaintiff was nonetheless wrongfully denied a pretermination hearing, the plaintiff is entitled to prove his damages from the unlawful denial of due process, including damages for emotional distress; and

(3) If the termination was justified, but a plaintiff has no evidence to support a claim for damages from being denied a pretermination hearing,

4

1     then, at the very least, plaintiff is entitled to nominal damages.

2     The Ninth Circuit's holdings in *Chalmers v. City of Los Angeles,* 762 F.2d 753 (9th
3 Cir. 1985), *Merritt v. Mackey*, 932 F.2d 1317 (9th Cir. 1991), and *Lum v. City and County
4 of Honolulu,* 963 F.2d 1167 (9th Cir. 1992) (wherein, in all three cases emotional distress
5 damages for the denial of a pretermination hearing were upheld), are entirely consistent
6 with a correct reading of *Carey*.

7     The Town is not entitled to judgment on this issue as a matter of law. Its motion
8 should be denied.

9     Even if allegations against an employee may justify discipline, the discipline is
10 still "wrongful" if the process does not satisfy the Constitution. In his complaint, Kevin
11 Clark alleged the Town violated his due process rights by failing to provide a valid pre-
12 termination hearing. *See, e.g.,* Amended Complaint, ¶ 69. Clark's Amended Complaint
13 prayed for damages for violation of his constitutional rights. The Town acknowledges
14 that in his disclosure statement, Clark asserted he had suffered emotional distress as a
15 result of his wrongful termination. Clark is entitled to prove his actual injuries (*e.g.,*
16 humiliation, emotional distress, etc.) from being wrongfully terminated without due
17 process of law. He is entitled to nominal damages if, but only if, he cannot prove he has
18 suffered any actual injuries. *Carey v. Piphus*, 435 U.S. 247, 264, 98 S.Ct. 1042, 1052, 55
19 L.Ed.2d 252 (1977); *Lum v. City and County of Honolulu,* 963 F.2d 1167 (9th Cir. 1992);
20 *Merritt v. Mackey*, 932 F.2d 1317 (9th Cir. 1991); *Chalmers v. City of Los Angeles,* 762
21 F.2d 753 (9th Cir. 1985).

22     It would be entirely reasonable for a jury to award Clark substantial damages
23 based on a showing, among other things:

24     1.    That Clark was a 16 year veteran of law enforcement;

25     2.    That Clark was a long-time member of the Fraternal Order of Police;

26     3.    That the FOP was an organization established to protect, and enforce the
27 legal rights of law enforcement officers and their families;

28     4.    That Clark was active, well-respected and a state officer within the Arizona

1  State Lodge of the FOP;

2      5.    That as the President and founder of the local lodge of the FOP, Clark encouraged officers to become members, in part, by touting the ability of the FOP to defend officers and secure their legal rights in disciplinary matters;

    6.    That for more than a quarter-century, the rights of law enforcement officers to pre-disciplinary hearings has been well-established;

    7.    That officers within the Town of Buckeye and throughout Arizona were aware that Clark had demanded a right to a constitutionally guaranteed pre-disciplinary hearing, but that the Town of Buckeye was refusing to grant him such a hearing;

    8.    That given his role and stature within the state and local lodges of the FOP, his inability to secure such a hearing was humiliating, embarrassing, and caused him to suffer emotional distress and other damages;

    9.    That his wife was a prominent member of the FOP and was, in fact, the National President of the FOP Auxillary;

    10.    That Clark's inability to secure for himself the well-established legal rights that the FOP existed to protect, was embarrassing and humiliating for Clark and his wife;

    11.    That the stresses caused by such humiliation led to stress on the marriage, and ultimately contributed to their divorce; and

    12.    That the Town's failure and refusal to grant Clark the constitutional rights he demanded caused him actual injury, including mental and emotional distress, humiliation and embarrassment entitling him to damages. *See,* plaintiff's SOF, Exhibit "B."

In *Eklund v. City of Seattle*, 2009 WL 1916066 (W.D. Wash., June 30, 2009), the district court considered a case very similar to the instant case. There, plaintiff Eklund, sued for wrongful termination arguing his discharge was unjustified and in violation of procedural due process. The jury returned a verdict finding the termination was justified, but nonetheless awarding damages in the following amounts: $210,000 in "economic losses;" $100,000 in "non-economic losses" (mental and emotional distress damages);

1  and $150,000 in punitive damages. The defendant filed a motion for judgment as a matter
2  of law. The district court discussed *Carey v. Piphus*, 435 U.S. 247, 264, 98 S.Ct. 1042,
3  1052, 55 L.Ed.2d 252 (1977); and *Merritt v. Mackey*, 932 F.2d 1317 (9th Cir. 1991), as
4  well as some of the cases cited by the Town. The court concluded that where the
5  termination was found to be justified, "economic damages" were not appropriate to
6  compensate plaintiff for a procedural due process violation. The court also held,
7  however, that the verdict for $150,000 in punitive damages and $100,000 for mental and
8  emotional distress damages, which flowed from the defendant's denial of procedural due
9  process, <u>was</u> appropriate.

At the very least, Kevin Clark is entitled to have a jury determine the amount of actual damages, including mental and emotional distress damage, which he suffered as a result of the Town's denial of his constitutional right to a hearing. *Eklund v. City of Seattle*, 2009 WL 1916066 (W.D. Wash., June 30, 2009).

## **CONCLUSION**

The Town's Motion for Summary Judgment should be denied.

**DATED** this 26th day of February, 2010.

**YEN PILCH KOMADINA & FLEMMING, P.C.**

By:   s/Robert E. Yen
      Robert E. Yen
      Phil S. Flemming
      6017 N. 15th Street
      Phoenix, Arizona 85014
      (602) 241-0474
      Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Richard S. Cohen
Justin S. Pierce
Grant Woods


s/M. Elizabeth Goff

S:\Active\Clark, Kevin\Pleadings-Federal\Resp.MSJ.wpd